**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LUIS RUIZ,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DOCKET NUMBER<br>DA-0752-20-0059-I-1<br><br><br>DATE: August 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan V. Edmunds, Esquire, and Brittany D. Honeycutt, Esquire, Ponte
　Vedra Beach, Florida, for the appellant.

Maria G. DeFord, Edinburg, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal based on charges of conduct unbecoming and lack of candor. On petition for review, the appellant argues that his wife falsely accused

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

him of assaulting her and notes that she later recanted the statements identified in the police report, resulting in the criminal charges against him subsequently being dropped, and so the administrative judge erred in concluding that the agency met its burden of proving the conduct unbecoming charge. He also argues that the agency acknowledged that he had not engaged in the alleged misconduct, and so the administrative judge erred by concluding that the agency met its burden of proving the lack of candor charge. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In concluding that the agency met its burden of proving the conduct unbecoming charge, the administrative judge summarized the testimony provided by the appellant and his wife at the hearing denying that the appellant physically assaulted his wife, and instead asserting that she was the aggressor during the incident in question. Initial Appeal File (IAF), Tab 34, Initial Decision (ID) at 10-11, 12-13. She also summarized the hearing testimony of the responding police officer who interviewed the appellant's wife on the day of the incident and took her statement. ID at 11-12. After considering the relevant testimony and corresponding record evidence, including the police report and signed statement

by the appellant's wife taken on the day of the incident, photographs of the scene at the appellant's house and the appellant's wife's injuries, and other relevant testimonial and record evidence, the administrative judge concluded that the version of events described by the appellant and his wife at the hearing was not credible, and the version of events reflected on the police report was the most plausible and credible version of the events that occurred that day.[2]  ID at 13-16 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981)). Consequently, the administrative judge concluded that the agency met its burden of proving the charge.  ID at 16.

On review, the appellant merely restates his argument that he was falsely accused of the assault and cites the fact that his wife later recanted her allegations and that the criminal charges were dropped as evidence in support of his claim. Petition for Review (PFR) File, Tab 2 at 4-5.  The Board generally must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The appellant's arguments on review

---

[2] Although the administrative judge identified the wife's later July 17, 2019 written statement denying the assault as a "sworn" statement, a review of the record reflects that the statement was signed by the appellant's wife and witnessed by a notary public, but does not reflect that the statement was sworn or attested to.  IAF, Tab 8 at 41; ID at 8.  Because we ultimately find no error in the administrative judge's credibility findings and her conclusion that the written statement is not credible, any error in this misstatement was harmless and did not affect the outcome of the decision.  ID at 13; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversing an initial decision); *see also Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶¶ 15-17 (2011) (noting that unsworn, unsupported statements have little probative value); *Scott v. Department of Justice*, 69 M.S.P.R. 211, 228 (1995) (holding that, while an unsworn statement is admissible evidence, the fact that it is unsworn may detract from its probative value), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table).

constitute mere disagreement with the administrative judge's well-reasoned findings and do not establish that she erred in sustaining the conduct unbecoming charge. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (stating that arguments that constitute mere disagreement with the initial decision do not provide a basis to grant the petition for review); *see also Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's conclusions when the initial decision reflected that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Accordingly, we find no error in the administrative judge's finding that the agency met its burden of proving the conduct unbecoming charge and see no reason to disturb this finding on review.

With regard to the lack of candor charge, the administrative judge concluded that, because the agency met its burden of proving that the appellant had, in fact, assaulted his wife on August 31, 2017, thus proving the misconduct described in the conduct unbecoming charge, the agency also proved that the appellant lacked candor when he explicitly denied hitting or striking his wife in his interview with the Office of Professional Responsibility (OPR). IAF, Tab 8 at 403-04; ID at 17. On review, the appellant restates his claim that his wife's allegations were false and that he gave a truthful account to OPR investigators during his interview. PFR File, Tab 2 at 4-5. The appellant also alleges that the agency itself "admitted that [it] believed the [a]ppellant that the charges that were against him were unfair and that he did not make any false statements about the events." *Id.* at 4.

Although the appellant does not directly identify the source for his bare assertion that the agency "admitted" that it believed the appellant, it appears that this is a reference to an exchange between the appellant and OPR investigators during which the investigators and the appellant discussed the appellant's claim that his wife was lying about the assault. IAF, Tab 8 at 367-74. If so, the

appellant mischaracterizes this exchange. During this exchange, the investigators presumed, for the sake of argument, that the appellant's claim that his wife "is a liar" was true, and observed that, given that she had purportedly already lied about one assault, there would be nothing to stop her from doing so again. *See id.* at 367 ("So, what you're saying is your wife then is a perpetual liar? A fabricator of a whole entire story that got you arrested, charged, suspended without pay."); *id.* at 368 ("What are they supposed to say when you're married to somebody who has lied to the police, has made up a story like you said . . . ."); *id.* at 372 ("So, when we asked you if she's a liar, I mean we can't sugar coat this for you because at the end of the day my question to you is, how are we going to make sure this doesn't happen again? She's lied ten times."); *id.* ("How are you going to guarantee to us, that she's not going to lie again and that you're not going to get arrested again? That at the end of the day, that's why we're here.").

When viewed in the proper context, it is clear that nothing in this exchange indicates that the OPR investigators were suggesting that they actually agreed with the appellant's assertion that his wife had lied about the assault, and instead were questioning the appellant about the implications of the fact that his wife had gone to the police and reported an assault, resulting in the appellant's arrest, and the effect that fact had on the appellant's position as a Customs and Border Protection (CBP) Officer. *See id.* at 370 ("We're here to protect the government."); *id.* ("Okay and you understand CBP employees cannot, should not, ever get arrested."). Accordingly, there is also no merit to the appellant's claim that agency officials acknowledged that he did not lack candor in his statements to OPR officials and that the administrative judge erred in sustaining the lack of candor charge. Based on the foregoing, the agency proved that the appellant engaged in the conduct described in the conduct unbecoming charge, and that the appellant lacked candor when he falsely denied assaulting his wife to OPR investigators. Consequently, we also agree with the administrative judge that the agency proved the charge of lack of candor. ID at 17; *see Crosby v. U.S.*

*Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences and reached well-reasoned conclusions).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.